IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARTIN SEGURA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| WAL-MART STORES, TEXAS, LLC | § | DEFENDANT DEMANDS A JURY |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, WAL-MART STORES, TEXAS, LLC, ("Defendant"), and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case to the United States District Court for the Southern District of Texas, Galveston Division. The grounds for removal are as follows:

### I. INCIDENT BACKGROUND AND LAWSUIT

1. Plaintiff, Martin Segura, claims on May 15, 2022 he was a customer of Walmart Store #3298 located at 255 FM 518, Kemah, Texas 77565, heavy objects unexpectedly disloged from an upper shelf and struck him. *See* PL's Orig. Pet. (EX. A) at ¶ IV. Plaintiff alleges he suffered personal injuries and additional damages as a result and brings a negligence suit against the Defendant. *See id.* at ¶ V. Plaintiff's lawsuit expressly alleges that he is seeking monetary damages over $250,000 but not more than $1,000,000. *See id.* at ¶ I.

### II. TIMELINESS OF REMOVAL

2. Plaintiff commenced this lawsuit by filing his Original Petition on August 31, 2023. Plaintiff served Defendant with his Original Petition on September 11, 2023.

3. Defendant's Notice of Removal is timely filed, as it is being filed within 30 days after the date it was served. *See* 28 U.S.C. § 1446.

### III. THE PARTIES

4. According to his lawsuit, Plaintiff resides in Galveston, County, Texas. *See* Ex. A at ¶ II.

5. Plaintiff named Walmart Stores, Texas, LLC, as a defendant. *See generally, id*. Plaintiff pleaded that Walmart Stores, Texas, LLC was a corporation doing business in the State of Texas. *See id.* at ¶ II. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C.*, 929 F.3d at 314 (quoting 28 U.S.C. § 1332(c)(1)). At the time Plaintiff filed his lawsuit and at the time Defendant filed this Notice of Removal, Defendant was a corporation and was incorporated in the State of Delaware under the laws of the State of Delaware. At the time Plaintiff filed his lawsuit and at the time Defendant filed this Notice of Removal, Defendant's principal place of business was located in the State of Arkansas. Therefore, at all times relevant to this matter, Defendant was a citizen of the States of Arkansas and Delaware.

6. The proper entity for purposes of this lawsuit is Walmart Stores, Texas, LLC. Walmart Stores, Texas, LLC is now and was at the time of filing of this action a corporation incorporated in the State of Delaware under the laws of the State of Delaware. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C.*, 929 F.3d at 314 (quoting 28 U.S.C. § 1332(c)(1)). At the time Plaintiff filed his lawsuit and at the time Defendants filed this Notice of Removal, Walmart Stores, Texas, LLC principal place of business was located in the State of Arkansas. Therefore, at all times relevant to this matter, Walmart Stores, Texas, LLC was a citizen of the States of Arkansas and Delaware.

## IV.
## BASIS FOR REMOVAL JURISDICTION

7. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between the properly joined parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A. There is complete diversity of citizenship.**

8. There is complete diversity of citizenship, *see* 28 U.S.C. §§ 1332, 1441, between the Texas Plaintiff and the out-of-state defendant, Walmart Stores, Texas, LLC, which is a citizen of Arkansas and Delaware.

**B. The amount in controversy requirement is met.**

9. A removing party may establish that the amount in controversy exceeds $75,000 by showing the non-removing party explicitly sought damages over $75,000. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 881 (5th Cir. 2000). Here, Plaintiff's lawsuit expressly pleaded that he seeks monetary relief from his lawsuit of greater than $75,000. *See* Pl.'s Orig. Pet. (Ex. A) at ¶ I.

**C. This removal is timely, and venue is proper.**

10. This Notice of Removal is being filed within 30 days of service of Plaintiff's lawsuit on Defendant, and within one year of the commencement of this action. It is therefore timely. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is in this District.

**D. Procedural requirements for removal are satisfied.**

11. Upon filing of this Notice of Removal of the cause, Defendant gave written notice of the filing to Plaintiff and his counsel as required by law. A copy of this Notice is also being filed with the Clerk of the 149th Judicial District Court of Galveston County, Texas, where this

cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

## V.
## CONCLUSION AND PRAYER

12. Based on the foregoing, Defendant has established that the amount in controversy exceeds $75,000.00 and that diversity of citizenship exists between the parties in this case. Therefore, removal is proper in this case.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

*/s/ John A. Ramirez*
John A. Ramirez
State Bar No. 00798450
Federal ID No. 21280
Tiffany Walker-Killip
State Bar No. 24115480
Federal ID No. 3854147
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Facsimile: (713) 622-8077
jramirez.atty@bushramirez.com

**ATTORNEY FOR DEFENDANT,
WAL-MART STORES, TEXAS, LLC**

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this 5th day of October 2023.

    Meagan A. Garcia
    Law Offices of Domingo Garcia
    12929 Gulf Freeway
    Houston, Texas 77034

                                               s/ Tiffany Walker-Killip
                                               Tiffany Walker-Killip