IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **MARTIN TORRES SEGURA,** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 3:23-cv-00330** |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Plaintiff Martin Torres Segura, and files this First Amended Original Petition complaining of and against Defendant Walmart Stores, Texas, LLC, and would respectfully show the Court as follows:

### I. DISCOVERY LEVEL

Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00 and a demand for judgment for all the other relief to which Plaintiff deems himself entitled.

Plaintiff intends to conduct discovery in this matter under Level 2 of Texas Rule of Civil Procedure 190.3.

### II. PARTIES

Plaintiff Martin Torres Segura (hereinafter, "Plaintiff") is an individual residing in Galveston County, Texas.

Defendant Walmart Stores, Texas, LLC, (hereinafter, "Defendant") is a Delaware corporation doing business in the State of Texas. Defendant committed a tort in this state and, therefore, is subject to this Court's jurisdiction. Defendant has already appeared and filed an answer. Service may be completed by forwarding a copy of Plaintiff's First Amended Petition to

Defendant's Counsel of Record.

### III. JURISDICTION & VENUE

The Court has subject matter jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limit of the Court. Venue is proper in Galveston County, Texas, as this is the county in which the cause of action occurred.

### IV. FACTUAL BACKGROUND

On May 15, 2022, Plaintiff was shopping on the premises of a Walmart store located at 255 FM 518, Kemah, TX 77565. At the time of the incident, this store was owned, controlled, and/or operated by Defendant.

At the time of the incident, Plaintiff was walking around the camping and outdoors section of the premises, when Plaintiff made his way down one of the camping and outdoor aisles, suddenly a heavy object dislodged from the top shelf and struck Plaintiff. As a result of this incident, Plaintiff suffered painful bodily injuries.

There were no signs, postages, or warnings near the scene of the incident as to warn invitees such as Plaintiff of the unreasonable dangerous condition posed.

### V. PREMISES LIABILITY NEGLIGENCE OF DEFENDANT WALMART

Because Plaintiff was on Defendant's premises to shop, he was an invitee at the time of the incident. The dislodged items that fell from the shelving unit on to the Plaintiff were inside of Defendant's premises and posed an unreasonable risk of harm to its business patrons such as Plaintiff. Defendant knew or reasonably should have known of the danger posed by the placement of heavy items in the top shelves of its premises. Defendant owed a duty to its invitees, such as Plaintiff, to exercise ordinary care to keep its premises in a reasonably safe condition. Defendant breached its duty of ordinary care to Plaintiff in one or more of the following particulars:

    a.    In creating the unreasonably dangerous condition through its agents or employees by having heavy items on the top shelves of an area open to invitees;
    b.    In failing to place caution signs to warn invitees, such as Plaintiff, of the heavy objects placed on the top shelves in an area open to invitees;
    c.    In failing to verbally warn invitees, such as Plaintiff, of the on the top shelves;
    d.    In failing to place any barriers in the area of the shelves with the heavy items to prevent invitees, such as Plaintiff, from unwittingly being exposed to the unreasonable danger of falling items;
    e.    In failing to make the condition reasonably safe by removing heavy objects from the top shelves in an open area; and
    f.    In failing to properly inspect and maintain its premises.

Each of the above acts and omissions, singularly or in combination, constituted negligence which proximately caused Plaintiff's fall and his resulting injuries and damages.

## VI. DAMAGES

Because of the actions and conduct of Defendant set forth above, Plaintiff suffered bodily injuries and damages. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.

Because of the nature and severity of the injuries Plaintiff sustained, he has suffered physical pain, mental anguish and physical impairment, and in reasonable probability will continue to suffer physical pain, mental anguish and physical impairment into the future.

The injuries sustained by Plaintiff have required medical treatment in the past, and in reasonable probability will require other and additional medical treatment in the future. Charges incurred by Plaintiff for such medical treatment in the past and those which will in reasonable probability be incurred in the future have been and will be reasonable charges made necessary by the incident in question.

## VII. RESERVE THE RIGHT TO AMEND & SUPPLEMENT

These allegations against Defendant are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and

discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to and/or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

## VIII.   REQUIRED DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is required to disclose within the time period set forth in Rule 194.3 the information or material described in Rule 194.2(a)—194.2(l).

## IX. PRE-JUDGMENT INTEREST

Plaintiff would additionally say and show that he is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity under the applicable provisions of the laws of the State of Texas.

## X. RULE 193.7 NOTICE

Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against them during any pretrial proceeding and/or at trial without the necessity of authenticating the documents as permitted by Texas Rule of Civil Procedure 193.7.

## XI. DESIGNATED E-SERVICE EMAIL ADDRESS

The following are the undersigned attorney's designation of electronic service email addresses for all electronically served documents and notices, filed and unfiled, pursuant of Tex. R Civ. P, 21(a) and 21(f)(2). (mgarcia@millerweisbrod.com & nalvarado@millerweisbrod.com). These are the ONLY electronic service email addresses, and service through any other email address will be considered invalid.

## XII. P<small>RAYER</small>

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial, Plaintiff recover actual damages as specified above from Defendant, plus costs of Court, pre-judgment, and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

**LAW OFFICES OF DOMINGO GARCIA, L.L.P.**

12929 Gulf Freeway
Houston, Texas 77034
Telephone:  (713) 349-1500
Facsimile:   (713) 432-7785


*/s/ Meagan A. Garcia*
MEAGAN A. GARCIA
State Bar No. 24096015
mgarcia@millerweisbrod.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      I certify that on the 1st day of November 2023, a true and correct copy of the foregoing was served on counsel of record in accordance with the Federal Rules of Civil Procedure.

*Via Electronic Service:*
BUSH & RAMIREZ, PLLC

Tiffany Walker-Killip
John A. Ramirez
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Facsimile: (713) 622-8077
twalker.atty@bushramirez.com
jramirez.atty@bushramirez.com

                                             */s/ Meagan A. Garcia*
                                             **MEAGAN A. GARCIA**